## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION


**Cara Davis,** *et al.***,**

        **Plaintiffs,**

**-v-**                                    **Case No. 2:09-cv-1132**
                                                **JUDGE SMITH**
                                                **Magistrate Judge Preston Deavers**

**Carl Martin,** *et al.***,**

        **Defendants.**


#### <u>ORDER</u>

       This matter is before the Court on Defendant Robert Meek's Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(6) and 25(a)(1) (Doc. 27).  Counsel for Defendant Meek asserts that Plaintiffs' claim against Defendant Meek must be dismissed because Plaintiffs have failed to substitute Defendant Meek's estate as a party defendant within 90 days of the filing of the Suggestion of his Death, and because Plaintiffs' claim against Defendant Meek does not survive his death.  For the following reasons, the Court **GRANTS** Defendant Meek's Motion to Dismiss.

       In December 2009, Plaintiffs Cara Davis and Lavada Pidcock ("Plaintiffs") initiated this action against Carl Martin, in his official capacity as Superintendent of Athens City School District, and against Defendants Jeffery Smathers and Robert Meek, in their individual capacities. At all relevant times, Plaintiffs and Defendants were employees of the Athens City School District.  Briefly stated, Plaintiffs allege that Defendant Smathers engaged in sexually

inappropriate and harassing behavior toward them from 1995 to the present time, that Defendants Meek and Martin were aware of the harassment but did not take appropriate steps to remedy the situation, and that Defendants Meek and Martin retaliated against Plaintiffs for filing complaints with the Equal Employment Opportunity Commission ("EEOC") as a result of the alleged harassment.  Plaintiffs assert only one claim against Defendant Meek – retaliation in violation of Ohio Revised Code § 4112.02(I).

On September 17, 2010, counsel for Defendants filed a "Suggestion of Death," advising the Court that Defendant Meek died on September 14, 2010.  Federal Rule of Civil Procedure 25(a)(1) provides for the substitution of a deceased party, "if the claim is not extinguished," and if a motion for substitution is timely filed.  Once information of a death is provided pursuant to a suggestion of death, a motion for substitution must be made within 90 days of the notice.  "If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed."  *Id.*  Here, no party has filed a motion for substitution, and the 90 days for filing such a motion has passed.  Therefore, this action must be dismissed as to the deceased party, Defendant Meek.  Because no party has filed a motion for substitution, it is unnecessary to analyze whether the claim against Defendant Meek extinguished upon his death (which would have provided an independent basis for dismissal as to this Defendant).

Therefore, the Court **GRANTS** Defendant's Motion to Dismiss (Doc. 27).  Accordingly, Plaintiffs' action against Defendant Meek is **DISMISSED with prejudice**.  Plaintiffs' claims against the other Defendants remain pending.

The Clerk shall remove Document 27 from the Court's pending motions list.

The Clerk shall remove decedent Robert Meek from the case's Defendant party list.

**IT IS SO ORDERED.**

  */s/ George C. Smith*　　　　　　　

**GEORGE C. SMITH, JUDGE**
**UNITED STATES DISTRICT COURT**